IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KUMIKO BURKE, ET AL., | ) | Civ. No. 08-00339 BMK |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | PLAINTIFFS' MOTION FOR |
| | ) | ATTORNEYS' FEES AND COSTS; |
| CITY AND COUNTY OF | ) | ORDER DENYING PLAINTIFFS' |
| HONOLULU, et al., | ) | AND DEFENDANTS' BILLS OF |
| | ) | COSTS |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS; ORDER DENYING PLAINTIFFS' AND DEFENDANTS' BILLS OF COSTS

Before the Court is Plaintiffs Kumiko Burke, Butch Burke doing business as Holo Holo Auto, and Butch Burke doing business as Holo Holo Pawn Shop's (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs. Also before the Court are Plaintiffs' and Defendants City and County of Honolulu and Clement Enoka, III's Bills of Costs. After careful consideration of the Motion and the supporting and opposing memoranda, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART. The Court awards Plaintiffs $264,671.50 in attorneys' fees against the City. Further, the Court DENIES the Bills of Costs.

BACKGROUND

This lawsuit arose out of a search and seizure of Holo Holo Pawn Shop ("HHPS") executed by the Honolulu Police Department ("HPD") on August 3, 2007. Although the search warrant authorized the search for 16 specific items of jewelry and for other items, HPD seized approximately 1700 items, which constituted nearly every item on the premises.

Based on the August 3, 2007 search and seizure, Plaintiffs believed Defendants violated their constitutional rights under the Fourth Amendment. On July 23, 2008, Plaintiffs filed this action for the following claims: (1) conspiracy to violate constitutional rights under 42 U.S.C. § 1983 (Count 1); (2) wrongful search and seizure (Count 2); (3) deprivation of civil and property rights (Count 3); (4) assault (Count 4); (5) defamation (Count 5); (6) intentional infliction of emotional distress (Count 6); (7) negligence (Count 7); (8) harassment (Count 8); (9) punitive damages (Count 12); and (10) injunctive relief (Count 13).[1] The factual basis of each claim relates to the August 3, 2007 search and seizure.

After Defendants filed motions for summary judgment, the Court dismissed HPD as a Defendant and granted summary judgment on all claims except the following, which proceeded to trial: Count 2 for wrongful search and

---

[1] The Complaint does not include Counts 9, 10 or 11.

seizure, Count 4 for assault, Count 6 for IIED, Count 7 for negligence, Count 8 for harassment, and Count 12 against Enoka for punitive damages.

A bench trial was held on June 1-3, 23, and July 19, 2010. In its Findings of Fact and Conclusions of Law, the Court found in favor of Enoka on all claims against him. The Court found in favor of the City on all claims against it except for Count 2 for wrongful search and seizure, concluding that the search and seizure of HHPS, which was "based on the City's policy regarding asset forfeitures at pawn shops[,] violated Burke's Fourth Amendment rights." (Doc. 253 at 17.) Consequently, the Court awarded Plaintiffs $39,458 in damages against the City as to this claim.

## DISCUSSION

I.      Entitlement to Attorneys' Fees

Under 42 U.S.C. § 1988, Congress authorized "district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The purpose of § 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances. Id.

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some

3

of the benefit the parties sought in bringing suit." Id. at 433. "The fact that a [p]laintiff failed to recover on all theories of liability is not a bar to recovery of attorney's fees." Thomas v. City of Tacoma, 410 F.3d 644, 648 (9th Cir. 2005) (emphasis in original). As stated by the Supreme Court:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

Hensley, 461 U.S. at 440. The Supreme Court also noted that civil rights cases often include claims that "involve a common core of facts" or are "based on related legal theories." Id. at 435. In such cases, the "lawsuit cannot be viewed as a series of discrete claims," and "the district court should focus on the significance of the overall relief obtained by the plaintiff." Id.

In this case, Plaintiffs' entire lawsuit was based on the events leading up to and including the search and seizure of HHPS on August 3, 2007. The various claims clearly "involve a common core of facts," and Plaintiffs' Complaint sought to remedy alleged wrongs relating to HPD's search and seizure. This is such a case contemplated by Hensley, where "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the

4

hours expended on a claim-by-claim basis." 461 U.S. at 435. Consequently, this action "cannot be viewed as a series of discrete claims." Id. at 434.

Plaintiffs prevailed at trial by showing that the City's policy regarding asset forfeitures at pawn shops violated Plaintiffs' Fourth Amendment rights. (Doc. 253 at 17.) Although the monetary damages awarded to Plaintiffs was small, the Court's ruling was significant, as it requires the City and HPD to reconsider and change their asset forfeiture policy so as not to violate other pawn shop owners' constitutional rights in the future. As noted by the Ninth Circuit Court, "the significance of civil rights suits should not be evaluated solely on the amount of damages obtained, because successful suits act as a deterrent to law enforcement and serve the public purpose of helping to protect the plaintiff and persons like him from being subjected to similar unlawful treatment in the future." Mendez v. County of San Bernardino, 540 F.3d 1109, 1128 (9th Cir. 2008) (brackets and quotation marks omitted).

Although Plaintiffs prevailed on only one claim against the City, that victory was significant. Plaintiffs' counsel "obtained excellent results [and] should recover a fully compensatory fee." Hensley, 461 U.S. at 434. Because all of the claims involved a common core of facts, and in light of the significance of Plaintiffs' victory, the Court concludes that Plaintiffs' counsel is entitled to recover

reasonable fees for prosecuting all of Plaintiffs' claims.  Id. at 435, 440; Thomas, 410 F.3d at 649 ("To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims.").

II.          Amount of Reasonable Attorneys' Fees

Having determined that Plaintiffs are the "prevailing party," the Court now assesses the amount of fees to which they are entitled.  Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley.  Robinson v. Plourde, 717 F. Supp. 2d 1092, 1097 (D. Haw. 2010) (citing Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000)).  Pursuant to the lodestar calculation, courts must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Id. (quoting Hensley, 461 U.S. at 433)).  Then, courts must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), that have not already been subsumed in the lodestar calculation.  Id. (citing Fischer, 214 F.3d at 1119).

> The Kerr factors are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of

> the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir.1996). The Ninth Circuit has also held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. Robinson, 717 F. Supp. 2d at 1097 (citing Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir.1992)). Once calculated, the "lodestar" is presumptively reasonable. Id.; see Fischer, 214 F.3d at 1119 n.4 (noting the lodestar figure should only be adjusted in rare and exceptional cases).

    A.    Reasonable Hourly Rates

Under 42 U.S.C. § 1988, "reasonable fees . . . shall be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum v. Stenson, 465 U.S. 886, 895 (1984) (emphasis added). Consequently, although Plaintiffs' counsel charged Plaintiffs a "reduced, blended rate," Plaintiffs are entitled to recover "the prevailing market rates" for Plaintiffs' counsel. (Brown 12/1/10

7

Decl'n ¶ 7.)  Blanchard v. Bergeron, 489 U.S. 87, 96 (1989) ("It is central to the awarding of attorney's fees under § 1988 that the district court judge, in his or her good judgment, make the assessment of what is a reasonable fee under the circumstances of the case.  The trial judge should not be limited by the contractual fee agreement between plaintiff and counsel.").

After considering the "experience, skill, and reputation" of Plaintiffs' counsel, the Court finds that the hourly rates of Plaintiffs' counsel and paralegal reflect the prevailing market rates and are reasonable.  See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986).  Philip R. Brown has been an attorney since 1985, worked at various mainland and local law firms, and started his own law office in 1997.  (Brown 12/1/10 Decl'n ¶ 5.)  Effie Steiger is a third-year litigation associate and started working in Brown's office after clerking in Nevada.  (Id. ¶ 11.)  Justin M. Chu is a first-year litigation associate who began working in Brown's office in June 2010.  (Id.)  Warren Fabro has been a paralegal for more than 21 years and has worked with Brown for more than 13 years.  (Id.)  Based on their experience, skill, and reputation, the Court finds that the following hourly rates are the prevailing market rates and are reasonable:  $275 per hour for Brown, $150 per hour for Steiger, $130 per hour for Chu, and $85 per hour for Fabro.

B.     Hours Reasonably Expended on the Litigation

"Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained." Robinson, 717 F. Supp. 2d at 1098. "The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable." Id.

Defendants contend that Plaintiffs' requested fees should be reduced for non-prevailing claims, unrelated matters, excessive hours, unnecessary work, duplicative billing, clerical tasks, inadequate entries, block billing, calculation errors, and missing pages. (Opp. at 14-28). In response, Plaintiffs acknowledge that they made calculation errors and inadvertently left out certain pages when their Motion was scanned for electronic filing. (Reply at 12.) Thus, Plaintiffs fixed the calculation errors and included the missing pages in Exhibit 27. (Id.; Ex. 27.)

As previously discussed, the Court awards Plaintiffs their requested fees for all claims in this case because they involve a common core of facts and relate to the August 3, 2007 search and seizure. Hensley, 461 U.S. at 440. This includes claims regarding Holo Holo Auto, as well as fees related to Dr. Marvin

9

Acklin, Keynes Von Elsner, and Brook Hart. The Court also finds that Plaintiffs' counsel did not spend excessive hours on their motions practice.

The Court also rejects Defendants' contention that it was "unnecessary" for Plaintiffs' counsel to appear at HPD for the return of seized items or at the jewelry appraisal in November 2009. According to Brown, during the return of items, HPD required counsel to verify receipt of the seized items. (Brown 1/5/11 Decl'n ¶ 6.) The return of items was "highly intimidating," and HPD even arrested one of the Holo Holo Auto workers who "was present simply to help carry the illegally seized items into the van." (Id.) It was also reasonable for counsel to be present at the appraisal inspections.

In response to Defendants' contention that "two professionals cannot bill for attending the same meeting," Plaintiffs concede that "the Court may properly deduct hours spent for duplicative billing of counsel's attendance at meetings between attorneys and/or clients." (Reply at 9.) The only meeting that Defendants point out as requiring a deduction for duplicative hours is the June 16, 2009 meeting with Burke. (Opp. at 21.) Brown, Steiger, and Fabro participated in this meeting. (Ex. 27 at 14.) Given that Defendants agree that "the time spent by the lowest-billing attorney(s) [should be] deducted," the Court deducts the time billed by Steiger (1.00 hour at $150 per hour = $150) and Fabro (0.75 hours at $85

per hour = $63.75). However, the Court declines to deduct time Steiger and Fabro spent at court hearings, conferences, and trial with Brown. Blake v. Nishimura, CV. NO. 08-00281 LEK, 2010 WL 1372420, at *8 (D. Haw. March 31, 2010) ("As a general rule, this Court allows two attorneys to bill for their appearances at court proceedings when it is reasonable and necessary for a 'second-chair' to appear with lead counsel.").

The Court also rejects Defendants' remaining arguments for deducting time from Plaintiffs' hours expended on this case. Although Defendants are correct that "clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate," none of the hours for which Plaintiffs seek fees were spent on clerical tasks. The Court also finds that Plaintiffs' billing entries are described adequately and that counsel properly redacted privileged attorney-client information. Local Rule 54.3(d)(2) ("In describing [counsel's] services, counsel should be sensitive to matters giving rise to attorney-client privilege . . . , but must nevertheless furnish an adequate non-privileged description of the services in question."). Lastly, although Defendants argue that Plaintiffs block-billed from January through August 2009 (Ex. E), Brown explains that he "updated [his firm's] hourly billing practices in October, 2009, as reflected in the invoices attached to the Motion." (Reply at 11.) Regardless, the billing entries are

described sufficiently for the Court to determine that the time spent by Plaintiffs' counsel on work done from January through August 2009 is reasonable.

In sum, the Court awards Plaintiffs' counsel their requested hourly rates and awards them for all of their time spent on this case, except for the duplicate billing entries for meetings between counsel. The loadstar amount for Brown and his staff are as follows:

|  | Hourly Rate | | Reasonable Hours Expended | | Fees |
|---|---|---|---|---|---|
| Brown | $275 | x | 498.25 | = | $137,018.75 |
| Steiger | $150 | x | 576.05 | = | $86,407.50 |
| Chu | $130 | x | 125.40 | = | $16,302.00 |
| Fabro | $85 | x | 293.45 | = | $24,943.25 |
| | | | Lodestar amount for Brown's office | = | $264,671.50 |

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower court[] that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Defendants provide no argument as to whether the Kerr factors warrant modifying the lodestar amount upward or downward. The Court concludes that this is not a rare or exceptional case where the lodestar amount is unreasonably low or high. The Court therefore concludes

that the lodestar amount above reflects the reasonable attorneys' fees incurred by Brown's law office.

C. Fees for Plaintiffs' Prior Counsel

Plaintiffs also seek attorneys' fees for work done on this case by Plaintiffs' prior counsel, James M. Sattler. However, Plaintiffs' counsel acknowledges that "Mr. Sattler did not produce detailed invoices to this office reflecting his work, nor did Mr. Sattler apparently send invoices to the Burkes." (Brown 12/1/10 Decl'n ¶ 18.) Without such documentation, Plaintiffs are unable to meet the requirements of Local Rule 54.3. The Court therefore declines to award Plaintiffs for fees incurred by Sattler.

D. Defendants' Rule 68 Offer of Judgment

Rule 68 of the Federal Rules of Civil Procedure Rule "is a cost-shifting provision designed to encourage settlement of legal disputes by forcing a plaintiff to weigh the risk of incurring post-offer costs and fees he may not be able to recover even if successful on his claim." Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993). "Because attorney's fees are included as costs of a federal civil rights action under 42 U.S.C. § 1988, the cost-shifting provision of Rule 68 applies to limit a prevailing plaintiff's recovery of fees in a section 1983

action if the plaintiff rejects an offer that exceeds his damages award." Id. The Ninth Circuit explained:

> The requirements for a valid Rule 68 offer are simple: "An offer of judgment should be served on the adverse party in the manner provided by Fed. R. Civ. P. 5(b). The offer must specify a definite sum for which judgment may be entered, which plaintiff can either accept or reject. It must be unconditional and must include 'costs then accrued.'" The consequences of rejecting such an offer are clear: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

Id. (citations, ellipses points and brackets omitted) (emphasis added).

In this case, Defendants provided Plaintiffs with a Rule 68 Offer of Judgment on April 23, 2010. Defendants "offer[ed] to allow judgment to be taken against City Defendants in favor of Plaintiffs . . . in the amount of . . . $250,000, inclusive of all attorneys fees and costs incurred by Plaintiffs prior to the date of this Offer of Judgment." (Ex. 29.) However, the offer of judgment was "conditioned upon Plaintiffs' execution of a Settlement, Release and Indemnity Agreement in favor of City Defendants for all claims alleged in the Complaint." (Id.) According to Plaintiffs' counsel, "Plaintiffs were never provided with a copy of the Settlement, Release and Indemnity Agreement required by Defendants as a condition to the Rule 68 offer." (Brown 1/5/11 Decl'n ¶ 9.) Without seeing a copy

14

of the proposed Settlement, Release and Indemnity Agreement, Plaintiffs' counsel could not have known what provisions were in that document. Requiring Plaintiffs to agree to sign a document they have never seen is an unreasonable condition on the offer of judgment and violates the requirement that Rule 68 offers "must be unconditional." Herrington, 12 F.3d at 907. Accordingly, the Court declines to limit Plaintiffs' recovery of attorneys' fees in light of their rejection of Defendants' offer of judgment.

        E.       Summary of Attorneys' Fees

In sum, the Court awards Plaintiffs attorneys' fees in the amount of $264,671.50 for work done by Brown's law office. The Court declines to award fees for Sattler's work on this case and to limit Plaintiffs' award because of Defendants' offer of judgment.

III.       Bills of Costs

Both Plaintiffs and Defendants submitted Bills of Costs. Plaintiffs seek $42,291.34 in costs, and Defendants seek $61,909.44 in costs.

Pursuant to Local Rule 54.2(a), "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." LR 54.2(a). For the reasons described above with respect to Plaintiffs' Motion for Attorneys' Fees and Costs, the Court finds that Plaintiffs are the prevailing party for purposes of the

Bills of Costs. Therefore, the Court denies Defendants' request for costs, as they are not the prevailing party. LR 54.2(a).

Local Rule 54.2(c) describes the required contents for a Bill of Costs:

> The Bill of Costs must state separately and specifically each item of taxable costs claimed. <u>It must be supported by a memorandum setting forth the grounds and authorities supporting the request</u> and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law. The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs . . . .

(Emphasis added.) Notably, Plaintiffs' Bill of Costs does not contain the requisite "memorandum setting forth the grounds and authorities supporting the request." LR 54.2(c). Without any legal argument supporting their request for costs and because Plaintiffs are in violation of Local Rule 54.2(c)'s requirement for such a memorandum, the Court denies Plaintiffs' request for costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Attorneys' Fees and Costs. The Court awards Plaintiffs $264,671.50 in attorneys' fees against the City. Further, the Court DENIES Plaintiffs' and Defendants' Bills of Costs.

DATED: Honolulu, Hawaii, March 4, 2011.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Burke, et al. v. City and County of Honolulu, et al., Civ. No. 08-00339 BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS; ORDER DENYING PLAINTIFFS' AND DEFENDANTS' BILLS OF COSTS.